IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DA'RIUS OLIVER HARDEN,     :
:
     Plaintiff,     :
:
     v.     : Civil Action No. 17-982-RGA
:
JOHNSON & JOHNSON, et al.,     :
:
     Defendants.     :

Da'Rius Oliver Harden, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

November 14, 2017
Wilmington, Delaware

*signature*

**ANDREWS, U.S. District Judge:**

Plaintiff Da'Rius Oliver Harden, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## BACKGROUND

Plaintiff alleges that he was administered Risperdal prescribed by Defendant Dr. Khan. The medication was given to Plaintiff at this home, the Terry Center, Rockford Center, at a middle school, and at the New Castle County Detention Center. He seeks compensatory damages for pain and suffering and future corrective surgery for gynecomastia. Plaintiff also requests counsel. (D.I. 5).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A

2

complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Under the liberal notice pleading standard of Rule 8(a), Plaintiff's claims fails to allege facts that state a claim upon which relief may be granted. A civil rights complaint is adequately pled where it states the conduct, time, place, and persons responsible. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). The Complaint does not contain a time-frame or a reference any dates when Plaintiff was allegedly administered Risperdal. As it now stands, Defendants cannot adequately respond to the allegations.

Therefore, the Complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, since it appears plausible that Plaintiff may be able to articulate a claim, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't,*

3

256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## REQUEST FOR COUNSEL

Plaintiff requests counsel on the grounds that he does not have the ability to present his case, he is unskilled in the law, credibility may be an issue, expert witnesses will be necessary, he cannot obtain and afford counsel, counsel would serve the best interests of justice, and his allegations if proven would establish a constitutional violation. (D.I. 5). A *pro se* litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and

---

[2] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

(6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. As it now stands, the complaint fails to state a claim upon which relief may be granted. Also, this case is in its early stages and none of the defendants have been served. In light of the foregoing, the Court will deny without prejudice to renew Plaintiff's request for counsel. Should the need for counsel arise later, one can be sought at that time.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to amend the complaint. The Court will deny Plaintiff's request for counsel without prejudice to renew. (D.I. 5).

An appropriate order will be entered.